## 50168. LEWIS v. THE STATE.

CLARK, Judge.

After his conviction for unlawful sale of narcotics, defendant moved for a new trial. The motion was denied and defendant appeals. He assigns error upon the general grounds and upon the court's charge to the jury at the conclusion of the sentencing phase of his bifurcated trial.

1. We summarize the evidence adduced below. An undercover narcotics agent, G. M. Murff, testified that he and his partner, Detective Marsha Collins, went to the area of the Flamingo Lounge in Atlanta around 11 p.m. on October 9, 1973; that he alone entered the establishment and talked to several persons about buying heroin; that he was advised to contact the defendant who was pointed out to him; that he and defendant discussed such purchase and agreed on an amount and price. Thereupon defendant said it would take a few minutes to get the drug and he (the agent) should return later; that upon his return he resumed contact with the defendant in front of the lounge; that defendant then told him they should meet in front of another establishment; that he then met the defendant there as agreed and consummated the deal. Detective Collins averred she witnessed the transaction while sitting in the agents' car. Sergeant H. H. Carson testified that he arrested defendant shortly after the product had been proved by a field test to be heroin; and that in the currency found in defendant's possession was a single bill which matched the serial number of one of those used by Agent Murff in making the purchase. Defendant denied

selling the drug.

"The general grounds of the motion for new trial are without merit. After a verdict of guilty has been returned, in passing on the defendant's motion for new trial the trial court and the appellate court are to afford the evidence that view which is most favorable to the state, for every presumption and every inference is in favor of the verdict. [Cit.]" *Williams v. State,* 129 Ga. App. 103, 107 (7) (198 SE2d 683).

2. Defendant asserts the court erred in charging the jury: "[Y]ou must establish a felony sentence, that is you must fix a sentence at not less than five nor more than ten years and then if you, as a jury choose to make a recommendation after establishing the felony sentence, you may then go further and recommend treatment as for a misdemeanor. If you make that recommendation, that then gives the judge the choice of imposing either the felony sentence or the misdemeanor punishment, but you must establish a felony sentence. . ."

We find no error here. The charge is not, as defendant suggests, inconsistent and confusing. And it is derived, most logically, from § 26-3101 of the Criminal Code (Ga. L. 1968, pp. 1249, 1334) which provides for reducible felonies.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

Submitted February 4, 1975 — Decided March 10, 1975.

*Jacques O. Partain, III,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, C. E. Wall, Assistant District Attorneys,* for appellee.